UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STANLEY WALKER ) | |
| ) | Case No. 1:10-CV-124 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| BRADLEY COUNTY, *et al.* ) | |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendants Sheriff Tim Gobble ("Gobble"), Captain Gabriel Thomas ("Thomas"), Lieutenant Joleen Hickman ("Hickman"), and Bradley County, Tennessee ("Bradley County") (collectively, "Defendants")(Court File No. 16) and supporting memorandum (Court File No. 17). Plaintiff Stanley Walker ("Plaintiff") did not file a timely response.[1] Defendants have also filed a motion to strike the affidavits of Stanley Walker and John Wolfe (Court file No. 25), to which Plaintiff failed to respond. Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. E.D.TN. LR7.2.

For the following reasons, the Court concludes the affidavits were improperly filed and will **GRANT** Defendants' motion to strike. The Court also determines there are no genuine issues of material fact and will therefore **GRANT** Defendants' motion for summary judgment.

## MOTION TO STRIKE

Defendants move to strike two affidavits filed with the Court on April 12, 2011 (Court File Nos. 23, 24). These affidavits were not attached to any motion and, although filed after Defendants' motion for summary judgment, their purpose is unclear. Construing these affidavits as supporting

---

[1] For the reasons set forth in the Court's order, Plaintiff's untimely motion for an extension to file a response was denied (Court File No. 27).

a response to summary judgment, they do not comply with Rule 56 (c)(4) of the Federal Rules of Civil Procedure. These affidavits were not made based on personal knowledge and are comprised of largely inadmissible evidence. Both Plaintiff's affidavit and the affidavit of his counsel contain hearsay, improper opinion based on speculation, and facts irrelevant to the Court's ruling on the instant summary judgment motion. Therefore, the Court will **GRANT** Defendants' motion to strike (Court File No. 25) and will order **STRICKEN** from the record Plaintiff's improperly filed affidavits (Court File Nos. 23, 24).

## MOTION FOR SUMMARY JUDGMENT

**I.   FACTS AND PROCEDURAL HISTORY**

Unless otherwise indicated, facts are taken as alleged in Plaintiff's complaint (Court File No. 1-1 ("Complaint"). On April 28, 2009, Plaintiff was taken to the Bradley County Jail and ordered to serve thirty days for violations of his probation. After he had served the majority of his sentence, on May 20, 2009, Plaintiff complained of a swollen left ankle, and open sores on his left leg, back right leg, and right elbow (Complaint ¶ VIII; Court File No. 16-1 ("Dr. Gurley Aff.") at ¶ 4 and Ex. 1; Court File No. 16-2 ("Plaintiff Dep."), p. 19). Plaintiff was treated by Bradley County medical staff on May 21 and May 22, 2009 (Court File No. 16-1, pp. 5-6). He received an injection of 1 gram of Rocephine and a dose of Bactrim D.S. (*id.*). In addition, medical staff cleaned his left leg, back right leg, right elbow, and applied dressing to his sores (*id.*).

Dr. Jerry Gurley, the medical director of Quality Correctional Health Care, reviewed Plaintiff's medical records and concluded "the treatment rendered by the medical staff was entirely reasonable, appropriate, and timely based on his complaints and the results of the examination" (Dr.

2

Gurley Aff. ¶ 5). Dr. Gurley further testified that based on Plaintiff's complaints and the examination conducted on May 21, 2009, his "condition did not constitute a severe or serious medical condition at that time" (*id.*).

Plaintiff was released from custody on May 22, 2009, to seek additional medical treatment (Court File No. 16-1, pp. 5-7). Plaintiff indicated he had a physician and would contact "my doctor when I get released" if his condition wasn't "major" (*id.,* p. 5). Plaintiff was "more than glad" to be released "because [he] was going to get [] some help" (Plaintiff Dep. p. 5). Following his release, Plaintiff's friend gave him a ride to SkyRidge Hospital where Plaintiff was treated by Dr. Linbland in the emergency room (*id.,* p. 6). Dr. Linbland gave Plaintiff a shot, wrote a prescription for antibiotics, told him to follow up with his regular doctor or come back within four days (*id.,* p. 7). Plaintiff was hospitalized when he returned four days later (*id.*). Based on what his doctor has told him, Plaintiff believes a spider bite caused the condition.

During his deposition, Plaintiff stated he was "quite sure [Gobble] had to know about [Plaintiff's medical condition] or they wouldn't have just up and got rid of me as quick as they did." (Plaintiff Dep. p. 8). However, Plaintiff had no personal knowledge that Gobble, Thomas, or Hickman were aware of his medical condition (*id.* at 8-10). Plaintiff had never had any contact with or even seen Gobble, Thomas or Hickman prior to his deposition (*id.*).

On April 28, 2010, Plaintiff filed the instant action in the Circuit Court of Bradley County, Tennessee, asserting civil rights violations under 42 U.S.C. § 1983. Plaintiff contends the defendants' actions constituted a deliberate and conscious indifference to Plaintiff's serious and apparent medical needs. Defendants timely removed the action and move for summary judgment on all claims (Court File No. 16).

## II. STANDARD OF REVIEW

Summary judgment is proper if the movant shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, viewing evidence favorable to the non-movant "does not require or permit the court to accept mere allegations that are not supported by factual evidence." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009).

The moving party has the initial burden to show "there is no dispute regarding any genuine issue of material fact, and this burden can be satisfied" by showing "there is no evidence underlying the nonmoving party's case." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008). In responding to a properly supported motion for summary judgment, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.*; *see also Celotex*, 477 U.S. at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves"). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323.

In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the

non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

Defendants argue they are entitled to judgment as a matter of law because the Bradley County medical staff provided timely, reasonable, and appropriate medical treatment and had no continuing duty once Plaintiff was released. As for the individual defendants, Defendants contend summary judgment is appropriate because Plaintiff fails to demonstrate they were personally involved in any alleged deliberate indifference to his medical treatment.

Plaintiff sued under 42 U.S.C. § 1983 for alleged violations of rights secured to him by the Eighth and Fourteenth Amendments of the United States Constitution. To state a claim under 42 U.S.C. § 1983, the plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A suit against a municipality involves a two-prong inquiry. *Cash v. Hamilton Cnty. Dep't of Adult Prob.,* 388 F.3d 539, 542 (6th Cir. 2004). The court must determine whether the plaintiff has been deprived of a constitutional right and whether the municipality is responsible for the violation. *Id.*

The Eighth Amendment prohibits cruel and unusual punishment, which includes "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim

of Eighth Amendment deliberate indifference must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." *Hunt v. Reynolds*, 974 F.3d 734, 735 (6th Cir. 1992). A serious medical need has been defined as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010). Regarding the subjective component, "[d]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011)(citations omitted).

### A. Bradley County and Sheriff Gobble

A suit against an official in his official capacity is construed as a suit against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, the claims against Gobble, Thomas, and Hickman in their official capacities are construed as claims against Bradley County. The doctrine of respondeat superior does not apply to § 1983 lawsuits. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). Construed generously, Plaintiff's complaint seeks to impose direct liability based on Bradley County and Gobble's failure to train. Inadequacy of police training can serve as the basis for liability under § 1983 only where the failure to train amounts to deliberate indifference to the rights of persons with whom the officers come in contact. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Since § 1983 does not apply to claims based solely on respondeat superior, in order for Bradley County to be liable, there must be a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404

(1997). Plaintiff must demonstrate "the unconstitutional policy or custom existed, that the policy or custom was connected to the county, and that the policy or custom caused his constitutional violation." *Napier v. Madison County, Ky.*, 238 F.3d 739, 743 (6th Cir. 2001). Even if Gobble had final policy-making authority as sheriff, not all actions of a policymaker equate to municipal action, only when an action "inflicts the injury" alleged by Plaintiff. *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Here, Plaintiff cannot establish a constitutional violation nor municipal responsibility for a violation. Plaintiff's complaint alleges a failure to properly spray against pests as the "probable source of his malady" and the decision to dismiss Plaintiff from custody in support of a constitutional violation by Bradley County. However, Plaintiff has put forth no evidence to support these allegations in the initial pleading and fails to demonstrate how a policy or custom contributed to a deliberate indifference to his medical needs.[2] The undisputed evidence in the record demonstrates the plaintiff was seen and treated the day following his initial request "to be checked out" (Court File No. 16-1, p. 5). Nurse Brenda Roberts examined him and rendered treatment based on the symptoms and complaints presented. There is no evidence to support Plaintiff's contention his early release somehow constituted deliberate indifference. Rather, the plaintiff indicated he had a doctor and would seek medical care upon release and in light of his symptoms, was released from custody early to more quickly seek individualized treatment.

There is a complete absence in the record of facts supporting a claim of deliberate indifference where the medical staff responded promptly, administered treatment and took action

---

[2] Plaintiff's own deposition undermines any potential claim of a pest problem as he never saw spiders, was not aware of any similar spider problems and does not recall ever being bitten by insects (Plaintiff Dep. p. 4).

facilitating early discharge to enable Plaintiff to pursue care with his own physician. There are no specific allegations against Gobble, but even assuming he is being sued in his policymaker capacity as Sheriff, there is no basis upon which a fair-minded jury could find in favor of the plaintiff against him. Since the evidence, even viewed in the light most favorable to Plaintiff, does not support a finding of municipal liability under § 1983, summary judgment is appropriate for the § 1983 claims against Bradley County and Gobble.

### B. Individual Officers

Plaintiff names Sheriff Tim Gobble, Captain Gabriel Thomas, and Lieutenant Joleen Hickman as defendants in this action but has alleged no specific wrongdoing by any of them. Plaintiff testified in his deposition that he had no information indicating whether any of these individual officers knew of his medical condition and he never had any contact with them while incarcerated. Absent any evidence these individuals were aware of Plaintiff's medical condition, there is no basis upon which a jury could find they were "deliberately indifferent" to his needs. Based on the evidence in the record, Plaintiff cannot establish these defendants "personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the alleged unconstitutional conduct." *Shehee v. Luttrell*, 199 F.3d 295, 400 (6th Cir. 1999).

Accordingly, Plaintiff fails to demonstrate any basis for liability against these individual officers and Defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons discussed above, the Court will **GRANT** Defendants' motion to strike Plaintiff and his counsel's affidavits (Court File No. 25) and will order these filings (Court File Nos.

23, 24) **STRICKEN** from the record. The Court finds Defendants are entitled to judgment as a matter of law and will **GRANT** Defendants' motion for summary judgment (Court File No. 16).

An Order shall enter.

                                                **/s/**
                                                **CURTIS L. COLLIER**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**